CRAWLEY, Judge.
S.C.G. (“the mother”) was divorced from M.M. (“the former husband”) on February 14, 1989, following a lengthy physical separation during which the mother and the former husband lived in different states. The divorce judgment stated that there were no children born of the marriage. On August 24, 1989 — 191 days after the divorce — the mother gave birth to M.S.G. (“the child”). The former husband was not listed as the child’s father on the birth certificate.
While the mother and the former husband were separated, but before they were divorced, the mother had sexual relations with two men — J.G.Y. and D.S. The mother notified J.G.Y. and D.S. of her pregnancy, and both men were present at the hospital when the child was born.
On April 10, 1990, the mother filed a paternity action in the Madison Juvenile Court against J.G.Y. and D.S. Both men submitted to court-ordered H.L.A. tissue testing for the purpose of determining the paternity of the child. The tests, which were filed in the juvenile court on September 19, 1990, excluded both men as the father of the child. On November 7, 1990, the juvenile court ordered the mother to show cause, within 14 days, why the paternity action should not be dismissed. The case action summary sheet reflects the following handwritten order on November 29, 1990: “Case dismissed. H.B. Lutz, Judge.”
Five years later, on November 29, 1995, the mother filed another paternity complaint against J.G.Y. in the Madison Juvenile Court. J.G.Y. moved to dismiss the complaint, arguing that the action was barred by the five-year limitations period *401 set out in § 26-17-6(a), Ala.Code 1975. The juvenile court denied the motion. In a written order dated March 28, 1997, denying a motion in limine by J.G.Y., the juvenile court held:
“2. That prior to the filing of this [1995] Complaint, a paternity action was initiated by [the mother] which was dismissed without prejudice due to [the mother’s] failure to prosecute.
“3. That no judicial determination was entered in [the 1990 action] as to the paternity of the minor child in dispute in this present cause of action.”
The parties subsequently agreed to submit to DNA testing, pursuant to § 26-17-12, Ala.Code 1975. The DNA test indicated a 99.99% probability that J.G.Y. was the father. On October 3, 1997, the juvenile court entered a judgment for the mother, finding that J.G.Y. was the father of the child and ordering him to pay child support.
J.G.Y. appealed to the circuit court for a trial de novo and then moved the court to dismiss the complaint, based on the doctrine of res judicata and the bar of the statute of limitations. In response to J.G.Y.’s motion, the mother moved the court to treat her complaint as a petition to reopen a paternity case based on scientific evidence, pursuant to § 26-17A-1.[1] The circuit court denied the mother’s request and granted J.G.Y.’s motion to dismiss. The circuit court’s judgment of dismissal states, in pertinent part:
“2. This cause was filed on November 29, 1995, more than five (5) years after the birth of the child. Such an action-must be filed within 5 years of the birth of the child where there is a presumed father as in this case or otherwise it is barred by the five (5) year limitation of Code of Alabama 1975, Section 26-17-6(a). State of Alabama ex rel. E.K.D. v. M.R.W. and R.K.D., 662 So.2d 910 (Ala.Civ.App.), cert. quashed, 662 So.2d 913 (Ala.1995); State of Alabama ex rel. T.L.K. v. T.K., 723 So.2d 69 (Ala.Civ.App.1998).
“3. Accordingly, [J.G.Y.’s] motion to dismiss based on the statute of limitations is hereby granted.
“4. The Court further finds that [the mother] had filed a prior paternity suit in the Juvenile Court of Madison County against Defendant [J.G.Y.] and one [D.S.] on April 10, 1990 (case number CS-90-0049), alleging one of them to be the father of her child [M.S.G.] These parties all submitted to genetic testing by the University of Alabama in Birmingham Immunogenetics/DNA Diagnostic Laboratory. Test results showing both defendants to be excluded as the possible father of the child were filed in the court on September 19, 1990.... [T]he Juvenile Court Judge on November 7, 1990, ordered [the mother] to show cause why the case should not be dismissed within 14 days, failing which it would be dismissed. [The mother] took no action to show said cause and on November 29, 1990, the Juvenile Court Judge did dismiss the cause.
*402 “5. [The mother] having taken no action to respond to the Court’s order, the dismissal of November 29, 1990, operated as a determination on the merits and such determination was a final judgment as to the issues in that case upon which [J.G.Y.] was entitled to rely. Rule 41(b), Ala.R.Civ.P.
“6. Accordingly, [J.G.Y.’s] motion to dismiss based upon [a] prior adjudication which is res judicata is granted as a separate and distinct basis for dismissal of the instant cause.
“7. The motion of [the mother] to reopen her first paternity case filed in the Juvenile Court as case number CS-90-0049 under Code of Alabama, Section 26-17A-1 is denied.”

The Statute of Limitations

The circuit court erred by holding that the five-year limitations period of § 26-17-6(a), Ala.Code 1975, barred the mother’s action. That section provides:
“(a) A child, a child’s natural mother, or a man presumed to be the child’s father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of said child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a).”
(Emphasis added.) Section 26-17-5(a)(l) provides:
“(a) A man is presumed to be the natural father of a child if:
“(1) He and the child’s natural mother are or have been married to each other and the child is born during the marriage, or within 300 days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation is entered by a court.”
The former husband was married to the mother at the time the child was born; he is, therefore, presumed to be the child’s father, by virtue of § 26-17-5(a)(l). When the mother filed a petition to have J.G.Y., a man other than her former husband, declared the father of the child, the mother’s action was not brought for the purpose of declaring the existence of a presumed relationship between the child and the former husband. On the contrary, the action was brought for the purpose of declaring the nonexistence of that relationship. The five-year limitations period of § 26-17-6(a) does not apply to an action to establish the nonexistence of a relationship presumed on account of marriage. Ex parte Jenkins, 723 So.2d 649, 653 (Ala.1998).
In Jenkins, our supreme court held that the limitations period applicable to an action to establish the existence of the father-child relationship based on the marriage presumption is not applicable to an action to establish the nonexistence of that relationship. The court stated:
“Section 26-17-6(a) expressly limits to five years after a child’s birth an action to declare the ‘existence’ of the father and child relationship presumed under § 26-17-5(a)(l), (2), or (3). Had the Legislature intended the five-year limitations period to apply to an action to establish the ‘non-existence ‘ of the relationship, it would have included the term ‘non-existence’ in § 26-17-6(a), as it did in § 26-17-6(b). The choice to exclude the word ‘non-existence’ in § 26-17-6(a) indicates that the Legislature did not intend to impose a strict five-year limitations period on actions brought to challenge a presumption of paternity.”
723 So.2d at 653 (emphasis in original).
*403 The mother’s 1995 paternity action was not barred by the limitations provision of § 26-17-6(a).

Res Judicata

The Alabama Supreme Court has held that “ ‘[f]or a claim to be barred by the doctrine of res judicata, there must be “(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.’”” Ex parte Howle, 776 So.2d 133, 135 (Ala.2000) (quoting Boh Bros. Constr. Co. v. Nelson, 730 So.2d 132, 133 (Ala.1999) (quoting, in turn, Parmater v. Amcord, Inc., 699 So.2d 1238, 1240 (Ala.1997))). The mother argues that the circuit court’s dismissal of the 1995 paternity complaint was erroneous because, she says, the dismissal of the 1990 action did not constitute a “prior judgment on the merits.”
In support of her argument, the mother points to Rule 41(a)(2), Ala.R.Civ. P., and the juvenile court’s determination that the 1990 action was “dismissed without prejudice” and without a “judicial determination ... as to the paternity of the minor child in dispute.” Rule 41(a)(2) states, in pertinent part:
“Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.”
(Emphasis added.) The mother argues that the dismissal of the 1990 action was “without prejudice” and was, therefore, not an adjudication on the merits because the juvenile judge’s order stated simply: “Case dismissed. H.B. Lutz, Judge.” However, as can be seen from the emphasized phrase in the rule, as quoted above, subdivision (a)(2) of Rule 41 does not apply unless the dismissal is “at the plaintiffs instance.” The dismissal of the 1990 action was not at the plaintiffs instance; it was, for all that appears, on the court’s own motion following the filing in court of H.L.A. tissue-test results excluding both J.G.Y. and D.S. as the father of the child. The mother argues that the dismissal was not a Rule 41(b) dismissal because J.G.Y., the defendant, did not move the court to enter it. Rule 41(b), however, is not limited to dismissals sought by the defendant. See Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328, 1330 (Ala.1994). Rule 41(b), which is labelled “Involuntary Dismissal. Effect Thereof,” applies, with exceptions not relevant here, to “any dismissal not provided for in this rule,” including a dismissal entered on the court’s own motion, and operates to provide an adjudication on the merits. Id. Rule 41(b) states:
“Involuntary Dismissal. Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.”
(Emphasis added.)
We note the fact that the juvenile court judge stated that the dismissal of the *404 1990 action was based on the mother’s “failure to prosecute.” A dismissal for want of prosecution is clearly “with prejudice.” See Bibb v. Boyd, 417 So.2d 206 (Ala.Civ.App.1982). Moreover, “[t]he failure of the trial court to address the preclu-sive effect of an order of dismissal for want to prosecution compels a determination that it operates as an adjudication on the merits.” Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated 723 (3d ed.1996). We reject the mother’s argument and thereby reject the legal conclusion of the juvenile court that the 1995 paternity action was not precluded by the dismissal of the 1990 paternity action.

Exceptions to the Operation of the Doctrine of Res Judicata

In Alabama, there are two exceptions to the operation of the doctrine of res judica-ta with respect to paternity judgments: Rule 60(b)(6), Ala.R.Civ.P., and § 26-17A-1. See Ex parte Jenkins, 723 So.2d at 652 n. 1. Neither exception, however, helps the mother here.
Although the mother argues on appeal that her 1995 paternity complaint “should have been treated as a Rule 60(b), Ala.R.Civ.P., motion based on the fact that there was newly discovered evidence,” it does not appear that she made that argument below. This court cannot consider arguments raised for the first time on appeal. Our review is restricted to the evidence presented to, and the arguments considered by, the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992); Abbott v. Hurst, 643 So.2d 589 (Ala.1994). See also Rule 4(a)(3), Ala.R.App.P. (any error asserted in the trial court may be asserted on appeal).
Although the mother argued the applicability of § 26-17A-1 to the trial court, relief under that statute is also not available to her. Our supreme court has held that § 26-17A-1 may not be used to reopen a paternity judgment that became final before April 26, 1994, the effective date of the statute. See Ex parte Jenkins, supra. The prior paternity judgment that the mother seeks to reopen became final on November 29, 1990, almost three and one-half years before the enactment of § 26-17A-1. Section 26-17A-1 does not, in the mother’s case, provide an exception to the doctrine of res judicata.

Appointment of a Guardian Ad Litem

The mother argues that the circuit court erred by failing to make the minor child a party to the action and to appoint him a guardian ad litem. Section 26-17-11, Ala.Code 1975, allows, but does not require, the child to be made a party to a paternity action. See Thomas v. Callen, 521 So.2d 1322 (Ala.Civ.App.1987). In Ex parte Martin, 565 So.2d 1 (Ala.1989), our supreme court held that when a child is not made a party and represented in the litigation, he is not bound by the judgment. See also Ex parte L.F.B., 599 So.2d 1179 (Ala.1992).
The court’s failure to make the child a party and to appoint him a guardian in this case does not undermine the effect of the judgment as to the existing parties. It means only that the child is not bound by the judgment. See Ex parte Martin.
The judgment of the circuit court is affirmed.
AFFIRMED.
THOMPSON, J., concurs.
YATES, J., concurs specially.
ROBERTSON, P.J., and MONROE, J., concur in the result only.

. Section 26-17A-1 provides:
"Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribo Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown.”