THOMPSON, Presiding Judge.
 

 C. Wayland Blake appeals the trial court’s judgment dismissing his lawsuit against John L. Stinson for want of prosecution. We reverse and remand.
 

 On February 17, 2004, Blake filed a complaint against Stinson, Donald T. Gos-nay, and S & G Custom Classics, Inc. (“S & G”), alleging fraud claims against Stin-son and Gosnay and breach-of-contract claims against S
 
 &
 
 G and Gosnay. The details of Blake’s allegations are not material to our decision in this case. The defendants were each served with a copy of the complaint.
 

 On April 14, 2004, Gosnay moved to stay Blake’s action against him, notifying the trial court that he had filed a petition in bankruptcy on January 6, 2004, in the United States District Court for the Southern District of Alabama (“the bankruptcy court”). On April 21, 2004, the trial court granted the motion to stay and transferred the case to the court’s administrative docket “pending bankruptcy.” On October 19, 2004, Blake amended his complaint to remove his claims against Gosnay. The re
 
 *617
 
 maining parties were served with a copy of the amended complaint.
 

 On July 17, 2007, Blake filed a motion to remove the case from the trial court’s administrative docket and to place the case on the active docket. In his motion, Blake stated that Gosnay had been discharged from his bankruptcy on December 8, 2004. Blake attached to his motion a copy of the discharge order from the bankruptcy court. The record does not reveal the actual date that Blake learned that Gosnay had been discharged from his bankruptcy. On July 19, 2007, the trial court granted Blake’s motion and placed the case on the active docket.
 
 [1]
 

 On August 1, 2007, Blake filed a motion seeking a default judgment against S & G. Blake alleged in his motion that S & G was served with a copy of the complaint on March 3, 2004, and had failed to answer the complaint. On August 22, 2007, the trial court entered a default judgment against S & G and ordered S & G to pay Blake $25,000 in compensatory damages.
 

 On September 21, 2007, Stinson filed a motion to dismiss Blake’s claims against him for want of prosecution or, in the alternative, on the basis of laches. Blake opposed the motion. On November 14, 2007, the trial court granted Stinson’s motion and dismissed the case pursuant to Rule 41(b), Ala. R. Civ. P., for want of prosecution. The trial court did not state in its November 14, 2007, judgment that it was dismissing the case with prejudice. However, this court has previously held that “[a] dismissal for want of prosecution is clearly Vith prejudice.’”
 
 S.C.G. v. J.G.Y,
 
 794 So.2d 399, 404 (Ala.Civ.App. 2000). “ ‘[T]he failure of the trial court to address the preclusive effect of an order of dismissal for want of prosecution compels a determination that it operates as an adjudication on the merits.’”
 
 S.C.G. v. J.G.Y,
 
 794 So.2d at 404 (quoting Champ Lyons, Jr.,
 
 Alabama Rules of Civil Procedure Annotated
 
 723 (3d ed.1996)). Thus, we consider the trial court’s judgment to be a dismissal with prejudice.
 

 On December 13, 2007, Blake filed a motion to alter, amend, or vacate the trial court’s judgment. On December 21, 2007, the trial court denied Blake’s post-judgment motion. Blake timely appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Blake contends on appeal that the trial court erred by dismissing his complaint for want of prosecution. Rule 41(b), Ala. R. Civ. P., provides, in pertinent part: “For failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court, a defendant may move for dismissal of an action or of any claim against the defendant.” It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion.
 
 Atkins v. Shirley,
 
 561 So.2d 1075, 1077 (Ala.1990);
 
 Riddlesprigger v. Ervin,
 
 519 So.2d 486, 487 (Ala.1987);
 
 State ex rel. S.M. v. A.H.,
 
 832 So.2d 79, 80 (AIa.Civ.App.2002); and
 
 Coulter v. Stewart,
 
 726 So.2d 726, 728 (Ala.Civ.App.1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations.
 
 Smith v. Wilcox County Bd. of Educ.,
 
 365 So.2d 659, 661 (Ala.1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside.
 
 Id.
 
 In
 
 *618
 
 reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record.
 
 Nash v. Cosby,
 
 597 So.2d 209, 210 (Ala.1992);
 
 Atkins v. Shirley,
 
 561 So.2d at 1077; and
 
 Riddlesprigger v. Ervin,
 
 519 So.2d at 487.
 

 “ ‘In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff.
 
 Smith v. Wilcox County Board of Education,
 
 365 So.2d [659] at 661 [ (Ala.1978) ].
 
 See, e.g., Boazman v. Economics Laboratory, Inc.,
 
 587 F.2d 210 (5th Cir.1976);
 
 Pond v. Braniff Airways[, Inc.],
 
 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act.
 
 Welsh v. Automatic Poultry Feeder Co.,
 
 439 F.2d 95 (8th Cir. 1971). “Willful” is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.’
 

 “Selby v. Money,
 
 403 So.2d 218, 220-21 (Ala.1981);
 
 see also Burton v. Allen,
 
 628 So.2d 814, 815 (Ala.Civ.App.1993).”
 

 HICA Educ. Loan Corp. v. Fielding,
 
 953 So .2d 1261,1263 (Ala.Civ.App.2006).
 

 In
 
 Smith v. Wilcox County Board of Education,
 
 supra, a case relied on by Blake on appeal, the plaintiff filed a petition for a writ of mandamus in the trial court in May 1966 requesting, among other things, that the trial court order the defendants to reinstate his employment. 365 So.2d at 660. No action was taken in the case from June 1966 until April 1973, when interrogatories were served on the plaintiff. In July 1973, the record of the case, which had been previously lost or misplaced, was reconstructed. In early 1974, the plaintiff requested a hearing in the case, and in March 1974 the trial court dismissed the case for want of prosecution. Counsel for the plaintiff received no notice of the trial court’s action dismissing the case until sometime in 1977. In February 1978, the plaintiff instituted an action “essentially requesting the resurrection of the earlier case.”
 
 Smith,
 
 365 So.2d at 660. On motion of the defendants, the trial court dismissed the case, and the plaintiff appealed.
 

 On appeal, the defendants contended that a lengthy period of inactivity may be sufficient to justify dismissal. In addressing the defendants’ contention, our supreme court stated:
 

 “First, as noted before, there was activity in this case preceding the dismissal: even where there has been a period of inactivity,
 
 present
 
 diligence has barred dismissal.
 
 Raab v. Taber Instrument Corp.,
 
 546 F.2d 522 (2d Cir.1976);
 
 Morales v. Lionel Corp.,
 
 439 F.Supp. 53 (S.D.N.Y.1977);
 
 United States v. Myers,
 
 38 F.R.D. 194 (N.D.Cal.1964). Second, the rule is that a lengthy period of inactivity may justify dismissal
 
 in the circumstances of a particular case. Thus, a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal.
 
 See,
 
 e.g., Link v. Wabash R. Co.,
 
 [370 U.S. 626 (1962) ] (inactivity coupled with counsel’s failure to appear at a pre-trial conference);
 
 Forest Nursery Co. v. Crete Carrier Corp.,
 
 319 F.Supp. 213 (E.D.Tenn.1970)(failure of defendant to answer a summons 6 months after required by statute);
 
 Delta Theatres, Inc. v. Paramount Pictures, Inc.,
 
 398 F.2d 323 (5th Cir.[1968])
 
 cert. den.
 
 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (196[9]) (failure to obey court order coupled with lapse of activity for 14 years).”
 

 
 *619
 

 Smith,
 
 365 So.2d at 661-62 (some emphasis in original; some emphasis added). The court held that the lengthy period of inactivity was not, in and of itself, sufficient to warrant a dismissal. 365 So.2d at 661-62.
 

 Citing
 
 Brown v. Thompson,
 
 430 F.2d 1214 (5th Cir.1970), the court in
 
 Smith
 
 recognized that the plaintiffs conduct must also mandate the dismissal. 365 So.2d at 661. Our supreme court acknowledged the long period of inactivity in the case from 1966 to 1973, but it recognized that 11 months before the dismissal the defendants had filed interrogatories, had reconstructed the record, and had moved to set a date for a hearing in the case. 365 So.2d at 661. The court concluded that the record did not reveal “ ‘contumacious conduct,’ or any ‘serious showing of willful default,’ or a ‘clear record of delay’ ” on the part of the plaintiff, and it reversed the trial court’s dismissal of the case.
 
 Smith,
 
 365 So.2d at 661.
 

 In
 
 Burdeshaw v. White,
 
 585 So.2d 842 (Ala.1991), another case cited by Blake, the trial court granted the defendants’ summary-judgment motions after counsel for the plaintiffs failed to appear at a December 4, 1989, hearing and took no further action in the case until September 20, 1990. In its order granting the summary-judgment motions, the trial court noted the 9- to 10-month period during which the plaintiffs did not file anything in opposition to the defendants’ summary-judgment motions. The plaintiffs appealed. On appeal, our supreme court considered whether the summary judgment was proper under Rule 41(b), Ala. R. Civ. P. Quoting extensively from its decision in
 
 Smith,
 
 the court held that the record did not show that the plaintiffs’ conduct warranted the entry of a summary judgment for the defendants. The court reasoned, “[h]ere, as in
 
 Smith,
 
 there was activity on the part of the plaintiff within the approximately 11-month period prior to the entry of the judgment.”
 
 Burdeshaw,
 
 585 So.2d at 849.
 

 In
 
 Stephenson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 940 So.2d 307 (Ala. Civ.App.2006), the plaintiff sued the defendant on March 21, 2002, and on June 4, 2002, the trial court granted a motion to stay the proceeding pending arbitration. No other motions and no other actions were taken in the case until almost three years later when, on February 16, 2005, the trial court, sua sponte, entered an order dismissing the case for lack of prosecution. 940 So.2d at 308. The plaintiff timely appealed. On appeal, this court reversed the decision of the trial court, stating:
 

 “If there is a clear record indicating that [the plaintiff] caused a delay or committed contumacious conduct, then it would appear that such conduct would mandate a dismissal.
 
 Smith,
 
 365 So.2d at 661. However, there is no such evidence in the record. Although there were no new filings in the case following the trial court’s order compelling arbitration, that fact alone does not constitute a record of delay or contumacious conduct.”
 

 Stephenson,
 
 940 So.2d at 308-09.
 

 In his brief on appeal, Stinson, apparently referring to our supreme court’s decision in
 
 Smith,
 
 although incorrectly citing its decision in
 
 Burdeshaw,
 
 argues that
 
 Smith
 
 is distinguishable because in that case, unlike this case, the defendants filed interrogatories after approximately four years of inactivity in the case. Stinson contends that the defendants’ participation with the “dilatory litigant” warranted reversal in
 
 Smith,
 
 unlike in this case, in which Stinson limited his participation to filing only a motion to dismiss. The distinction Stinson attempts to draw between cases in which the defendant participated
 
 *620
 
 in litigation after the period of inactivity and those in which the defendant did not is not supported by the analysis set forth in those cases. Simply put, the propriety of dismissal for failure to prosecute does not turn on the involvement or noninvolvement of the defendant in the litigation.
 

 The evidence in the record reflects that shortly after Blake filed a complaint in February 2004, Gosnay filed a suggestion of bankruptcy and a motion to stay and the case was transferred to the trial court’s administrative docket. Approximately six months later, Blake amended his complaint to remove Gosnay as a named defendant and realleged the claims against Stinson and S & G. The record reveals that Blake served Stinson and S & G with a copy of the amended complaint, but neither defendant answered the amended complaint. Approximately two and a half years after Gosnay was discharged from his bankruptcy, Blake moved to reinstate the case to the trial court’s active docket. Less than one month after the trial court granted Blake’s motion to place the case on the active docket, Blake moved for a default judgment against S & G. Less than one month after the trial court entered a default judgment in favor of Blake and against S & G, Stinson, who until that point had not filed any pleadings in the trial court, filed a motion to dismiss.
 

 The record in this case reveals an almost three-year delay between Blake’s filing his amended complaint and his filing the motion to reinstate the case to the trial court’s active docket. Although the record clearly indicates a lengthy period of inactivity on the part of Blake in prosecuting his case against Stinson, the record does not indicate contumacious conduct or willful default by Blake in failing to prosecute the case. As our supreme court noted in
 
 Smith,
 
 although a lengthy period of inactivity may justify a dismissal, such “a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal.”
 
 Smith,
 
 365 So.2d at 662. The period of inactivity in this case alone, without evidence of contumacious conduct or willful default, is insufficient to justify the harsh sanction of dismissal with prejudice.
 
 Cf. Cassady v. Montgomery County Bd. of Educ.,
 
 496 So.2d 764 (Ala.1986)(affirming a dismissal for want of prosecution when there was evidence of inactivity in the case along with the plaintiff’s requests for continuances over a period of 20 months, the plaintiffs failure to appear at 2 pretrial conferences, and the plaintiffs failure to appear on the date set for trial);
 
 Selby v. Money,
 
 403 So.2d 218 (Ala.1981)(upholding a dismissal for want of prosecution when trial date was postponed twice on the motion of the plaintiffs and plaintiffs’ counsel refused to proceed with the trial despite several warnings from the trial judge); and
 
 Bellew v. Grady,
 
 744 So.2d 913 (Ala.Civ.App.1999)(af-firming a dismissal for want of prosecution when plaintiffs waited two years after learning that the defendant could not be served at the address shown on the summons before taking further action). We find that our supreme court’s decision in
 
 Smith,
 
 and its subsequent decisions relying on
 
 Smith,
 
 mandate reversal of the trial court’s judgment of dismissal for want of prosecution in this case. The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . There is no indication in the record that the parties were served a copy of this order; however, neither party to this appeal asserts that he did not receive a copy of the order.