PER CURIAM.
 

 Lenzie Gill appeals from the trial court’s dismissal of his claims against Mary Jones Cobern. We reverse and remand.
 

 
 *32
 

 Facts and Procedural History
 

 On January 3, 2006, Gill and Viola Bel-ser sued Mary Jones Cobern and Progressive Halcyon Insurance Co., Inc. (“Progressive”), seeking damages resulting from an automobile accident that occurred on or about May 1, 2004. Against Cobern Gill alleged negligence, negligence per se, recklessness, and wantonness, and against Progressive he alleged breach of contract and bad faith. Belser asserted against Cobern a claim of loss of consortium. On February 22, 2006, Progressive filed its answer, and on March 8, 2006, Cobern filed her answer. On January 26, 2007, Gill, Belser, and Progressive filed a stipulation of dismissal pursuant to Rule 41(a), Ala. R. Civ. P., dismissing without prejudice the claims against Progressive. The trial court granted the stipulation of dismissal on February 1, 2007. On February 2, 2007, the trial court entered an “order setting case for trial and scheduling order,” setting a pretrial conference for July 13, 2007, and trial for July 23, 2007.
 

 On July 13, 2007, Gill and Belser’s attorney failed to appear at the pretrial conference and, as a result, the trial court dismissed their action for want of prosecution. Nothing in the record indicates that Cobern moved for a dismissal; the trial court made only an entry in the case-action summary, which stated:
 

 “Defense counsel present. Plaintiff failed to appear for pre-trial conference. Case dismissed for want of prosecution.”
 

 Because it did not otherwise specify, the trial court’s dismissal of the case was with prejudice. Rule 41(b), Ala. R. Civ. P. (“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits.”). On July 30, 2007, Gill and Belser filed a motion to alter, amend, or vacate the trial court’s judgment, requesting that the action be reinstated. Gill and Belser argued that the failure of their attorney to appear at the pretrial conference was not willful, but the result of a calendaring error. The motion was denied by operation of law. Gill appealed.
 

 Discussion
 

 Dismissal of an action is governed by Rule 41(b), Ala. R. Civ. P., which states, in pertinent part:
 

 “For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits.”
 

 Concerning the application of Rule 41(b), this Court in
 
 Riddlesprigger v. Ervin,
 
 519 So.2d 486 (Ala.1987), held as follows:
 

 “Rule 41(b) has been construed to mean that a trial court has the inherent power to dismiss a cause for want of prosecution or for failure to comply with court rules or orders.
 
 Ryder Int’l Corp. v. State,
 
 439 So.2d 162 (Ala.Civ.App.1983). Accord,
 
 Link v. Wabash R.R.,
 
 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal is generally considered to be within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion.
 
 Whitehead v. Baranco Color Labs, Inc.,
 
 355 So.2d 376 (Ala.Civ.App.1978). It need only be determined, upon appellate review of a trial court’s action under Rule 41(b), whether the ruling is supported by the evidence.
 
 Strickland v. National Gypsum Co.,
 
 348 So.2d 497 (Ala.Civ.App.1977);
 
 Nettles v. First Nat’l Bank,
 
 388 So.2d 916 (Ala.1980).
 

 [[Image here]]
 

 
 *33
 
 “As this Court has heretofore observed:
 

 “ ‘In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a
 
 clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education,
 
 365 So.2d [659] at 661 [Ala.1978].
 
 See,
 
 e.g.,
 
 Boazman v. Economics Laboratory, Inc.,
 
 537 F.2d 210 (5th Cir.1976);
 
 Pond v. Braniff Airways,
 
 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act.
 
 Welsh v. Automatic Poultry Feeder Co.,
 
 439 F.2d 95 (8th Cir.1971). ‘Willful” is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.’
 

 “Selby v. Money,
 
 403 So.2d 218, 220 (Ala.1981).”
 

 519 So.2d at 487-88. Further, this Court has held that “[b]ecause the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court.”
 
 Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 604 So.2d 332, 341 (Ala.1991).
 

 In
 
 Cabaniss v. Wilson,
 
 501 So.2d 1177 (Ala.1986), the plaintiffs’ attorney failed to appear at a hearing on a motion for a summary judgment. At the hearing, counsel for the defendants orally moved to dismiss the plaintiffs’ complaint with prejudice under Rule 41(b), Ala. R. Civ. P., for failure to prosecute. The trial court granted the defendants’ Rule 41(b) motion, dismissing the plaintiffs’ complaint with prejudice. Subsequently, the plaintiffs filed a motion to alter, amend, or vacate the judgment, claiming that the summary-judgment hearing was “inadvertently left off the calendar of plaintiffs’ counsel....” 501 So.2d at 1179. The trial court denied the plaintiffs’ motion, and the plaintiffs appealed. 501 So.2d at 1179-80.
 

 Applying the well established rules concerning the review of a trial court’s dismissal with prejudice of a plaintiffs claims, this Court held that the conduct of the plaintiffs’ attorney did not appear to be willful or contumacious because “the failure of the plaintiffs’ attorney to appear in court [at the hearing on the summary-judgment motion] was allegedly inadvertent on his part.” 501 So.2d at 1181. Because there was no evidence to support the trial court’s dismissal with prejudice, this Court reversed its order dismissing the plaintiffs’ claims and remanded the cause for further proceedings.
 

 As was the case in
 
 Cabaniss,
 
 the record here does not reveal the presence of “extreme circumstances” sufficient to warrant the “harsh sanction” of a dismissal with prejudice.
 
 See Selby v. Money,
 
 403 So.2d 218, 220 (Ala.1981). Although Cobern argues on appeal that many other factors
 
 could
 
 have affected the trial court’s ultimate decision to dismiss Gill’s action with prejudice, the record clearly indicates that the trial court dismissed Gill’s action on the sole basis that Gill’s attorney did not appear at the pretrial conference. In Gill’s motion to alter, amend, or vacate the trial court’s judgment, Gill’s attorney alleged that his absence was the result of a calendaring error and that it was not the result of willful or contumacious conduct. The motion alleged that Gill’s attorney also represented Gill in an action filed in the federal court against Progressive, an original party in the present case, and that Gill’s attorney deleted the pretrial conference in this action from his calendar on the mistaken belief that it pertained to the action filed in federal court. No brief in opposition to Gill’s motion was filed, and
 
 *34
 
 the motion was denied by operation of law 90 days after it was filed.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. Nothing in the record indicates that Gill’s attorney was engaged in “willful” delay or “contumacious conduct.”
 
 [1]
 
 Therefore, we hold that the trial court erred in dismissing Gill’s action with prejudice.
 

 Conclusion
 

 Based on the foregoing, we conclude that the trial court’s order of dismissal is not supported by the evidence and that the trial court exceeded its discretion in dismissing Gill’s action with prejudice. We therefore reverse the order of the trial court and remand this cause for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . Cobern argues that the fact that Gill referred to the trial court's scheduling order only seven days before the scheduled pretrial conference in his July 6, 2007, motion for continuance of trial proves that "any inadvertent deletion from [Gill's attorney's] calendar is not the only reason he missed the pre-trial conference." Cobern's brief, at 17. However, the mere fact that Gill referenced the scheduling order seven days before the pretrial conference does not show that Gill's attorney acted willfully or contumaciously in being absent from the pretrial conference. In fact, Gill’s attorney stated in Gill's motion to amend, alter, or vacate the trial court’s judgment — which was unopposed — that he missed the pretrial conference as a result of a calendaring error. Cobern's allegation, based solely on the fact that Gill's attorney referenced the scheduling order seven days before the pretrial conference, is nothing more than pure speculation.