PITTMAN, Judge.
In January 2009, Ryan Musick, appearing through counsel, sued Gordon L. Davis, two other named defendants, and one fictitiously named defendant in the Montgomery Circuit Court, asserting claims of negligence, wantonness, and fraudulent misrepresentation concerning the condition of a used residence. Davis, appearing pro se, answered the complaint in March 2009, denying liability and asserting various affirmative defenses. Mu-sick’s claims against the other named defendants were dismissed pursuant to a joint stipulation in June 2009, leaving to be adjudicated only the claims asserted against Davis.
According to the computerized case-action-summary sheet in the case, on April 6, 2010, the trial court set the case for a “status/scheduling conference” to be held on April 13, 2010, and copies of that order were apparently transmitted both to Musick’s counsel and to Davis. However, neither counsel for Musick nor either party appeared at that conference. On April 28, 2010, a judgment was entered dismissing the case “for lack of prosecution”; in that judgment, the trial court specifically noted the parties’ absence from the April 13, 2010, conference.[1] Two days later, Mu-sick filed a postjudgment motion to alter, amend, or vacate the judgment, averring that his counsel also had represented Mu-sick in another matter formerly pending before the trial court that had been settled *948 two months previously and that counsel, as a result of an oversight, “apparently did not properly identify which case the ... order was applicable to and[,] thinking that the matter had been settled, did not calendar the hearing.” The trial court denied that postjudgment motion. Musick’s appeal from the judgment of dismissal was transferred to this court pursuant to Ala. Code 1975, § 12-2-7(6).[2]
“Rule 41(b), Ala. R. Civ. P., provides, in pertinent part: ‘For failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court, a defendant may move for dismissal of an action or of any claim against the defendant.’ It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. In reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record.”
Blake v. Stinson, 5 So.3d 615, 617-18 (Ala.Civ.App.2008) (citations omitted). Further, under Alabama precedents, the public interest in disposing of litigation on the merits is said to be overcome, and the “drastic sanction” of a dismissal is deemed warranted, when a clear record of delay, willful default, or contumacious conduct by the plaintiff exists. See Gill v. Cobern, 36 So.3d 31, 33 (Ala.2009).
In this case, the trial court dismissed Musick’s action against Davis approximately 15 months after the case was initiated. Further, that court acted sua sponte, in the absence of a dismissal motion from Davis, 15 days after both parties had neglected to attend a “status/scheduling conference” that was set 7 days in advance. Thus, the sole bases appearing of record that might support the trial court’s decision to dismiss the action are (a) the pendency of the case for 15 months and (b) the nonattendance of Musick or his counsel at the conference.
In Blake, we held that a delay of approximately three years between the filing of an amended complaint and the filing of a motion to reinstate a case to a trial court’s active docket did not alone warrant dismissal under Rule 41(b), Ala. R. Civ. P., opining that the existence of such a dormancy period, “without evidence of contumacious conduct or willful default, is insufficient to justify the harsh sanction of dismissal with prejudice.” 5 So.3d at 620. The sole arguably “contumacious conduct” appearing in the record in this case would be the absence of Musick and his counsel at the “status/scheduling conference” on April 13, 2010. However, immediately upon receipt of the judgment of dismissal, Musick filed a postjudgment motion indicating that his and his counsel’s absence at the conference had been inadvertent, a product of a calendaring oversight related to confusion between two cases, rather than a deliberate act on Musick’s or his counsel’s part; Davis filed nothing tending *949 to rebut Musick’s averments. In Gill, a similar calendaring failure by a plaintiffs attorney was held not to amount to willful delay or contumacious conduct so as to warrant affirmance of a judgment of dismissal for want of prosecution. 36 So.3d at 33-34. Thus, whether the trial court’s decision to dismiss Musick’s action is attributable to the length of time that the case had been pending, the failure of Mu-sick or his counsel to attend the “status/scheduling conference,” or both of them, we must agree with Musick’s contention on appeal[3] that the sua sponte imposition of the ultimate sanction of dismissal under Rule 41(b) was simply not warranted in this case.
The trial court’s judgment of dismissal is reversed, and the cause is remanded for reinstatement to the trial court’s active docket.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. That judgment of dismissal, under Rule 41(b), Ala. R. Civ. P., "operates as an adjudication upon the merits.”

. Although Musick, before appealing, filed a motion in the trial court seeking relief from the judgment of dismissal pursuant to Rule 60(b), Ala. R. Civ. P. — a motion upon which the appellate record reflects no ruling by the trial court — the possible continued pendency of that motion would not destroy our appellate jurisdiction because such a motion “does not affect the finality of a judgment or suspend its operation.” Ex parte R.S.C., 853 So.2d 228, 233-34 (Ala.Civ.App.2002).

. Davis has not favored this court with a brief.