MOORE, Judge.
Progressive Insurance Company (“Progressive”), as subrogee of Katherine Rut- *1009 land, appeals from a judgment of the Mobile Circuit Court (“the trial court”), dismissing its complaint against William T. Brow.

Facts and Procedural History

On or about December 12, 2011, Brown allegedly allowed the motor vehicle he was operating to collide with a motor vehicle being driven by Rutland. Rutland’s vehicle sustained significant damage in the accident. Progressive, Rutland’s insurer, paid $11,983.56 for the property damage caused to Rutland’s vehicle. On August 2, 2013, Progressive, as subrogee of Rutland, filed a complaint against Brown in the trial court, asserting claims of negligence and wantonness and seeking a judgment in the amount Progressive had expended for the property damage sustained to Rutland’s vehicle. Following several failed attempts at service on Brown, Brown was eventually served with the summons and complaint on May 24, 2014.
On March 12, 2015, Progressive filed an application for the entry of a default judgment based on Brown’s failure to file an answer to the complaint or another pleading. On March 17, 2015, the trial court entered an order setting the case for a bench trial on April 29, 2015. On March 27, 2015, the trial court entered a default judgment in favor of Progressive, indicating that Progressive “must prove up damages by affidavit or have a hearing on damages.” Progressive filed a supplement to its application for the entry of a default judgment on April 15, 2015, attaching thereto an “affidavit of claim” in which Krista Mihakk, as the “subrogation specials” of Progressive, stated that Progressive had an account and claim against Brown in the principal amount of $11,983.56, that amount was “due, owing, and unpaid” by Brown, that “demand for payment ha[d] been made more than thirty (30) days prior [to the execution of the affidavit],” and that no payment had been received from Brown by Progressive.
On April 29, 2015, Brown filed a motion for relief from the default judgment, asserting that, on March 17, 2015, he had been “given a court date of April 29, 2015 for trial on th[e] case.” The trial court entered an order on April 30, 2015, resetting the damages hearing to May 15, 2015. On May 15,2015, the trial court entered an order, indicating that Progressive had failed to appear for the damages hearing and that Brown had appeared in court. The trial court dismissed the .case for lack of prosecution. On. May 22, 2015, Progressive filed a motion seeking to reinstate the case to the active docket, asserting that Progressive’s counsel had been present in court on May 15, 2015, apparently for a different ease, but did not realize that the present case had been set for a hearing on that day. Progressive argued that its failure to attend the hearing had been excusable error, caused by Progressive’s counsel’s failure to note and calendar the date of the hearing, rather than an intentional failure to prosecute the action. The trial court denied Progressive’s motion to reinstate the case on that same day. On May 28, 2015, Progressive filed a second motion seeking to reinstate the case; the trial court denied that motion on that same day. On June 3, 2015, Progressive filed a “motion to reconsider [the] order of dismissal,” seeking relief pursuant to both Rule 59(e), Ala. R. Civ. P., and Rule'60(b), Ala. R. Civ. P.; Progressive again asserted that its failure to appear had resulted from Progressive’s counsel’s failure to calendar the hearing date. The trial court entered an order denying that motion on June 11, 2015. Progressive filed its notice of appeal to this court on June 23,2015.[1]

*1010
Analysis

Progressive argues on appeal that the trial court abused its discretion by dismissing the case pursuant to Rule 41(b), Ala. R. Civ. P., which allows for the involuntary dismissal of an'action for failure-of the plaintiff to prosecute or to comply with the Rules of Civil Procedure or any order of the court. This court discussed dismissal pursuant to Rule 41(b) in Kendrick v. Earl’s, Inc., 987 So.2d 589, 592-93 (Ala.Civ.App.2007):
“Rule 41(b), Ala. R. Civ. P., permits a trial’court to dismiss an action when a plaintiff fails to prosecute that action or fails to comply with the Rules of Civil Procedure or orders of the court.... Typically, an appellate court will review a dismissal pursuant to Rule 41(b) to determine only whether the trial court abused its discretion. Riddlesprigger [v. Ervin], 519 So.2d [486,] 487 [ (Ala.1987)].
“ ‘However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations,’ and ‘appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside.’ Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978) (citing, among other things, 9 Wright & Miller, Federal Practice & Procedure § 2370, p. 203, n.l). Our supreme court has explained that ‘the plaintiffs conduct must mandate the dismissal,’ and it has further reiterated the rule espoused by the United States Court of Appeals for the Fifth Circuit that a trial court ‘may dismiss with prejudice an action “only in the face of a clear record of delay or contumacious conduct by the plaintiff.”’ Smith, 365 So.2d at 661 (quoting Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967)).”
“[T]his court has previously held that ‘[a] dismissal for want of prosecution is clearly “with prejudice.”’” Blake v. Stinson, 5 So.3d 615, 617 (Ala.Civ.App.2008) (quoting S.C.G. v. J.G.Y., 794 So.2d 399, 404 (Ala.Civ.App.2000)).
“A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but ‘ “since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations.” ’ Burdeshaw v. White, 585 So.2d 842, 848 (Ala.1991) (quoting Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978)).”
Hosey v. Lowery, 911 So.2d 15, 18 (Ala.Civ.App.2005). Progressive argues that the circumstances in the present case did not present such an extreme situation that dismissal was warranted. We agree.
As an initial matter, we note that our consideration of certain evidence and arguments contained in the record on appeal and in the briefs on appeal is limited. “A trial court lacks jurisdiction to entertain a successive postjudgment motion requesting the same or similar relief as the original postjudgment motion or requesting reconsideration of the trial court’s denial of the original postjudgment motion.” Green v. Green, 43 So.3d 1242, 1244 (Ala.Civ.App.2009). In the present case, Progressive’s May 28, 2015, motion was identical to its May 22, 2015, motion; thus, the trial court lacked jurisdiction to entertain that motion. Although Progressive’s June 3, 2015,' motion also includes a request for relief pursuant to Rule 60(b) — based on *1011 mistake, inadvertence, or excusable neglect — that motion sought the same relief that had been sought in the May 22 and May 28,2015, motions.
“ ‘Rule 60(b)[, Ala. R. Civ. P.J ... cannot serve as a basis fór a motion that, in effect, seeks a reconsideration of matters already considered by the trial court in a previous postjudgment motion when the facts alleged in the Rule, 60(b) motion “were known by the moving party at the time of his original [post-judgment] motion.’” ”
Ex parte Haynes, 58 So.3d 761, 765 (Ala.2010) (quoting McIntyre v. Satch Realty, Inc., 961 So.2d 135, 138-39 (Ala.Civ.App.2006), quoting in turn Ex parte Dowling, 477 So.2d 400, 403 (Ala.1985)) (emphasis omitted). Because Progressive’s June 3, 2015, motion sought a reconsideration of matters already considered by the trial court pursuant to Progressive’s May 22, 2015, motion, that motion was an improper use of Rule 60(b) as a substitute for an appeal. See Ex parte Limerick, 86 So.3d 348, 350 (Ala.2011). Because Progressive’s May 28 and June 3, 2015, motions were impermissible successive postjudgment motions, we decline to consider any assertions or arguments made in those motions that were not first presented in Progressive’s May 22,2015, motion.
Progressive asserted in its May 22, 2015, motion that its counsel had failed to properly calendar the hearing date and did not realize that the case was set for a hearing on May 15, 2015, and. that its counsel’s failure to appear at the hearing was not an intentional failure to prosecute the action. In Gill v. Cobern, 36 So.3d 31, 32 (Ala.2009), the trial court in that case dismissed the action for want of prosecution based on the plaintiffs’ failure to appear at the pretrial conference. The plaintiffs filed a postjudgment motion, requesting that the action be reinstated and arguing that the failure of their attorney to appear at the pretrial conference was not willful but, rather, the result of a calendaring error. Id. In Gill, our supreme court discussed its earlier decision in Cabaniss v. Wilson, 501 So.2d. 1177 (Ala.1986), in which the trial court had dismissed the plaintiffs’ complaint with prejudice for failure to prosecute, despite the plaintiffs’ assertion that the failure of their attorney to appear in court was allegedly inadvertent on his part. 36 So.3d at 33. , Our supreme court determined in Cabaniss that the trial court in that case had.erred in dismissing the plaintiffs’ complaint with prejudice. 501 So.2d at 1181. Like in Cabaniss, our supreme court stated in' Gill that the record in that case did “not reveal the presence of ‘extreme circumstances’ sufficient to warrant the ‘harsh, sanction’ of a dismissal with prejudice.” 36 So.3d at 33. It concluded that the record clearly indicated that the trial court had dismissed the action on the sole basis that the plaintiffs’ attorney did not appear at the pretrial conference, that the plaintiffs’ attorney had alleged that his absence was the result of a calendaring error rather than willful or contumacious conduct, that nothing in the record indicated that the plaintiffs’ attorney had been engaged in willful delay or contumacious conduct, and that the trial court had erred in-dismissing the action with prejudice. Id. at 33-34.
In Musick v. Davis, 80 So.3d 946, 948 (Ala.Civ.App.2011), the plaintiff and his counsel had failed to attend a “status/scheduling conference”; however, • the plaintiff had filed a postjudgment motion indicating that their absence was due to a calendaring oversight, rather than a deliberate act. Citing Gill, this court determined that, although the case had been pending for 15 months, the failure of the plaintiff or his counsel to attend the “status/scheduling conference” did not warrant a Rule 41(b) dismissal. Id. at 949.
*1012 In the present case, Progressive had last filed a document in the trial court within one month of the trial court’s dismissal of its claims against Brown. Thus, there had been affirmative action by Progressive such that there was no indication that it did not intend to prosecute its action. See Atkins v. Shirley, 561 So.2d 1075, 1078 (Ala.1990). Like in both Gill and Musick, Progressive alleged in its May 22, 2015, postjudgment motion that its counsel’s failure to appear had been the result of a calendaring error and had not been intentional. Also like in Gill, there is no indication in the record that Progressive’s counsel had been engaged in willful delay or contumacious conduct. Additionally, there is no indication in the record that Progressive had deliberately delayed the proceedings or that the trial court had warned Progressive that its failure to appear might result in dismissal, see, e.g., Selby v. Money, 403 So.2d 218, 221 (Ala.1981). Because the circumstances in this case are not so extreme as to warrant the harsh sanction of a dismissal with prejudice, we reverse the trial court’s judgment dismissing Progressive’s claims against Brown, and we remand the case to the trial court for reinstatement of the case to the trial court’s active docket.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Although Progressive’s May 28 and June 3, 2015, motions were successive postjudgment *1010 motions that the trial court was without jurisdiction to rule upon (as discussed infra) and that did not toll the time for taking an appeal, Progressive filed its notice of appeal to this court within 42 days of the trial court’s denial of its initial postjudgment motion on May 22, 2015. Thus, its appeal was timely. See Rule 4(a)(1), Ala. R.App, P,