MOORE, Judge.
Chad McGinnis (“the father”) appeals from a judgment of the Madison Circuit Court (“the trial court”) denying his post-judgment motion following the trial court’s dismissal of his claims against Cheryl K, Steeleman (“the mother”). We reverse the judgment and remand the cause with instructions to the trial court.

Procedural History

The parties were divorced by a judgment of the trial court on January 4, 2000. On February 20, 2015, the father filed a petition seeking postminority support from the mother for the parties’ allegedly disabled child. See Ex parte Brewington, 445 So.2d 294 (Ala.1983). On March 17, 2015, the mother filed an answer to the petition and a separate motion to dismiss the petition on various substantive and procedural grounds. By order dated March 18, 2015, the trial court scheduled a hearing on the motion to dismiss for April 2, 2015. On April 2, 2015, the trial court entered an order granting the mother’s motion to dismiss.
On April 3, 2015, the father filed a motion to set aside the dismissal. He asserted that he had stated a valid claim for postminority support that was not barred by the grounds raised by the mother in her motion to dismiss! The trial court denied the father’s postjudgment motion on April 6, 2015, stating that the father had “neither responded to the motion [to dismiss] in writing nor attended the hearing to be heard on same.” On April 8, 2015, the father filed a “motion to reconsider,” indicating that counsel for the father had been unaware of the hearing scheduled for April 2, 2015, due to a failure by his counsel’s staff. The trial court denied the father’s “motion to reconsider” on April 9,2015.
The father filed his notice of appeal to this court on May 21, 2015. On July 13, 2015, the mother filed a motion to dismiss the father’s appeal as untimely filed. On July 15, 2015, this court entered an order dismissing the father’s appeal as untimely filed and a separate order denying the mother’s motion to dismiss as moot. On July 20, 2015, the father filed a motion to reinstate the appeal. This court entered an order on August 11, 2015, treating the father’s motion to reinstate as an application for rehearing and, as so treated, granting the application and reinstating the appeal.

Analysis

Timeliness of Appeal

As an initial matter, we reconsider whether the father’s appeal was timely filed and, accordingly, whether this court has jurisdiction to consider the appeal. See Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985) (“The timely filing of the notice of appeal is a jurisdictional act.”). The trial court entered a final judgment in this case when it dismissed the father’s petition on April 2, 2015. In that judgment, the trial court stated: “Motion to dismiss pursuant to Rule 12(b)[, *72 Ala. R. Civ. P.,] filed by [the mother] is hereby GRANTED.” (Some capitalization removed.) Ordinarily, in a circuit-court case, a party has 42 days from the date of the entry of a final judgment to file a notice of appeal. See Rule 4(a)(1), Ala. R.App, P, However, under Rule 4(a)(3), Ala, R.App. P., the filing of a timely post-judgment motion pursuant to Rule 59, Ala. R, Civ. P., tolls the time for filing a notice of appeal while the postjudgment motion is pending.
The father filed his post-judgment motion within 30 days of the entry of the final judgment, pursuant to Rule 59(e), Ala. R. Civ. P. The trial court denied the father’s Rule 59 motion on April 6, 2015; however, the father filed a “motion to reconsider” on April 8, 2015.
“[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his [or her] own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e)[, Ala. R. Civ. P.,] motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b)[, Ala. R. Civ. P„] motion for judgment notwithstanding the verdict [now referred to as a renewed motion for a judgment as a matter of law], the party aggrieved by the new judgment may have had no reason to make such a motion earlier.”
Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985). In this case, when it denied the father’s first postjudgmént motion, the trial court explained, for the first time, that it had granted the mother’s motion to dismiss because the father had not filed a written response to the motion and his counsel had not appeared at the hearing on the mother’s motion. In effect, the trial court amended its earlier judgment to reflect that it had dismissed the petition, not under Rule 12(b), Ala. R. Civ. P., for failure to state a viable claim, but under Rule 41(b), Ala. R. Civ. P., due to the father’s failure to prosecute his action. See Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987) (authorizing trial court to dismiss case under Rule 41(b) on its own motion). In his “motion to reconsider,” the father did not rehash what he had stated in his initial Rule 59 motion regarding the reasons he had a viable claim for relief; rather, he argued solely that his petition should be reinstated due to excusable neglect by his counsel. Thus, his “motion to reconsider” was not an unauthorized successive postjudgment motion.[1]
Based on these unusual circumstances, the time for appeal ran from the denial of the father’s second postjudgment motion, which occurred on April 9, 2015. Because the father filed his notice of appeal 42 days after the denial of his second postjudgment motion, his appeal is timely.

Merits

The father argues that the trial court erred in denying his April 8, 2015, postjudgment motion. We agree.
“ ‘The dismissal of a civil action for want of prosecution because of the plaintiff’s failure to appear at trial falls within the *73 judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.’ Thompson v. McQuagge, 464 So.2d 105, 106 (Ala.Civ.App.1985). Although dismissal is a harsh sanction, it is warranted where there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Jones.v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332, 341 (Ala.1991).”
Hollander v. Nance, 888 So.2d 1275, 1277-78 (Ala.Civ.App.2004). “[T]his court has previously held that ‘[a] dismissal for want of prosecution is clearly “with prejudice.” ’ ” Blake v. Stinson, 5 So.3d 615, 617 (Ala.Civ.App.2008) (quoting S.C.G. v. J.G.Y., 794 So.2d 399, 404 (Ala.Civ.App.2000)).
“A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but ‘ “since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations.” ’ Burdeshaw v. White, 585 So.2d 842, 848 (Ala.1991) (quoting Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978)).”
Hosey v. Lowery, 911 So.2d 15, 18 (Ala.Civ.App.2005).
In the present case, there is no indication that there was a clear record of delay by the father.. Rather, the father indicated in his April 8, 2015, post-judgment motion that his failure to attend the hearing was the result of his counsel’s lack of awareness of the hearing due to “a break-down in office procedures governing the calendaring of motion hearings by counsel’s staff.” Our supreme court has considered similar circumstances in a number of cases and determined that the failure of a party to appear at a hearing when that failure was the result of a calendaring error on the part of the party’s counsel did not rise to the level of grievous conduct such that dismissal was warranted. See, e.g., Gill v. Cobern, 36 So.3d 31, 32 (Ala.2009), and Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986). In Musick v. Davis, 80 So.3d 946, 948-49 (Ala.Civ.App.2011), this court determined that, when the plaintiff and his counsel failed' to attend á “status/scheduling conference” in’ a case that had been pending for 15 months, resulting in a dismissal, and the plaintiff had filed’ a postjudgment motion indicating that his and his counsel’s absence was due to a calendaring oversight, rather than a deliberate act, the failure to attend the conference did not warrant dismissal under Rule 41(b). In the present case, like in Musick, the father’s absence from the hearing on the mother’s motion to dismiss was the result of a calendaring error on the part of his counsel. We conclude that the father’s failure to attend the hearing, without more, does not amount tó contumacious conduct or a willful default such that dismissal was warranted.
Also, we have not located any case from this jurisdiction that treats a failure to file a written response to a motion to dismiss as a failure to prosecute. The Rules of Civil Procedure of this state do not generally require a written response to any motion, and the trial court in this case did not order the father to file a written response to the motion to dismiss. Under ordinary circumstances, that particular inaction does not give rise to a procedural default. Although it may be a better practice to routinely file a written response to a motion to dismiss, a trial court cannot infer from the failure of a nonmovant to do so that the nonmovant concedes the motion or intends to no longer prosecute his or her action. To justify a dismissal for lack of prosecution, the omission to file a written response must be joined by other evidence of unreasonable delay,, willful de *74 fault, or contumacious conduct, none of which appears in the record in this case.
For the foregoing reasons, we conclude that the trial court erred in denying the father’s April 8, 2015, postjudgment motion seeking relief from the judgment of dismissal. We therefore reverse the trial court’s judgment, and we remand the case with instructions to the trial court to reinstate the father’s claim for postminority support for the parties’ child against the mother.[2]
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. In our order reinstating the father’s appeal, this court treated the father’s second post-judgment motion as one under Rule 60(b)(1), Ala. R. Civ. P. (allowing a final judgment to be set aside due to, among other reasons, “excusable neglect”), and directed the parties to.brief the court on the issue whether the trial court had erred in denying that motion. We note, however, that, even if the second postjudgmént motion was, in fact, a Rule 59(e) motion, the same issue would be determinative, i.e., whether the trial court had exceeded its discretion in dismissing the petition for lack of prosecution in light of the father’s assertion of excusable neglect.

. In reversing the trial court's judgment of dismissal for lack of prosecution, we do not address the merits of the father’s claim. We also should not be understood as foreclosing the trial court from rehearing or adjudicating the mother’s motion to dismiss. *77 with the law of the jurisdiction of such court." (Emphasis added.)