These consolidated appeals arise from civil actions brought by Troy Chamblee and Tony Jackson against Pinkerton Security 
Investigations Services, Inc. ("Pinkerton"). Much of the pertinent procedural history was summarized by the Alabama Supreme Court in its opinion issued in earlier mandamus proceedings (Ex parte Chamblee, 899 So.2d 244 (Ala. 2004)):
 "Chamblee and Jackson separately sued Pinkerton. . . . The cases were consolidated for trial before Tennant M. Smallwood, Jr., circuit judge of Jefferson County. On July 14, 2003, Judge Smallwood entered monetary judgments in favor of each plaintiff against Pinkerton, based on a jury verdict. On July 28, 2003, Pinkerton filed its `Motion for Judgment as a Matter of Law,' pursuant to Rule 50, Ala. R. Civ. P.; the motion contained an alternative request for a new trial. Chamblee and Jackson filed a written opposition, and Judge Smallwood conducted a hearing on the motion on September 11, 2003. At the conclusion of the hearing, Judge Smallwood advised both counsel, `I'll hold it for two weeks if y'all want to talk about it. If y'all want to talk about it, I'll be glad to. Afterwards, I'll call one of you and ask *Page 388 
you for — if you want to submit a proposed ruling. It would be in y'all[']s best interest to settle the case.' Pinkerton's counsel asserts in his brief to this Court, and Judge Smallwood confirmed by entering orders purporting to amend his July 14, 2003, judgments (the procedural propriety of which petitioners have challenged, as hereinafter discussed), that Judge Smallwood contacted counsel for Pinkerton on September 24, 2003, to advise counsel that he was granting Pinkerton's motion for a judgment as a matter of law and to request that counsel prepare a proposed order reciting the grounds Judge Smallwood explained to counsel. On September 25 Pinkerton's counsel delivered a proposed order to Judge Smallwood's office.
 ". . . .
 "The 90th day following the filing on July 28 of Pinkerton's motion for a judgment as a matter of law was October 26, 2003. On November 10, 2003, Judge Smallwood dated, signed, and entered an 11-page `Memorandum Opinion and Order' for the consolidated cases, setting aside the judgments he had entered in favor of Chamblee and Jackson and entering a judgment as a matter of law in favor of Pinkerton. Judge Smallwood's signature on the order is preceded by the statement, `DONE AND ORDER [sic] on this the 10th
day of Nov., 2003.' A separate entry was typed on the case action summary sheet for each case, also dated November 10, confirming that `Memorandum Opinion and Order (Judgment as a Matter of Law) [was] entered this date by separate paper. . . .'
 "On December 11, 2003, counsel for Chamblee and Jackson wrote to Judge Smallwood to express counsel's opinion that the November 10, 2003, order was a nullity by virtue of the fact that Pinkerton's motion for a judgment as a matter of law had been denied automatically on October 26, 2003, pursuant to Rule 59.1[, Ala. R. Civ. P.,] when the 90-day period for the pendency of a postjudgment motion had expired, and to request that Judge Smallwood enter an order setting aside the November 10 order. Receiving no response from Judge Smallwood, counsel for Chamblee and Jackson filed their petition for a writ of mandamus, asking this Court to direct Judge Smallwood to rescind his November 10, 2003, order.
 "On January 7, 2004, Pinkerton filed in the consolidated cases its `Motion to Amend the Record,' asking Judge Smallwood, under the authority of Rule 60(a), Ala. R. Civ. P., to amend the record to reflect that Judge Smallwood had contacted Pinkerton's counsel on September 24, 2003, and had informed him that Pinkerton had prevailed on its motion for a judgment as a matter of law and had informed Pinkerton's counsel `of the reasons for the ruling and directed counsel to draft a proposed opinion including the Court's findings,' and that on September 25 Pinkerton's counsel had `submitted the proposed opinion and order to the Court for the Court to review.' Pinkerton's counsel asserted that `[t]he factual findings and legal conclusions of the Opinion and Order [entered on November 10, 2003,] were identical to the draft opinion and order submitted to the Court by Defendant's counsel.' In its motion to amend, Pinkerton requested that Judge Smallwood `make those entries into the appropriate records to correct [sic] reflect the true facts in this matter, specifically, that the Motion for Judgment as a Matter of Law was ruled upon prior to the 90 day period expiring.' Pinkerton asserted that Rule 60(a) could properly be used `to make the judgment or record speak the truth' and argued that `the *Page 389 
truth is that the Court ruled on the dispositive motion in a timely fashion and only failed to make a notation of the ruling in the case action summary sheets.' Chamblee and Jackson filed a written objection to Pinkerton's motion, and Judge Smallwood conducted a hearing on the motion on January 16, 2004. Later that same day he entered an order reciting, in pertinent part:
 "`On September 24, 2003, the Court informed counsel for Defendant that the Court was granting Defendant's Motion for Judgment as a Matter of Law which had been filed on July 28, 2003. The Court specifically instructed counsel for Defendant to draft a proposed Opinion and Order stating the grounds which the Court found for the granting of said motion. The Court received the proposed Opinion and Order on September 25, 2003. Due to an oversight, the Court failed to make entries on the case action summary sheets of each matter identifying the action taken by the Court. This clerical error is due to be corrected.
 "`The record of the matter in Troy Chamblee v. Pinkerton Security and Investigations Services, Inc., et al., CV-2000-2888 will now include on each case action summary sheet the following entries:
 "`9/24/2003 The Defendant's Motion For Judgment as a Matter of Law is due to be granted. Counsel for Defendant was contacted and told to draft a proposed Opinion and Order stating the grounds for the granting of the Motion as determined by the Court.
 "`9/25/2003 Proposed Memorandum Opinion and Order received from Defendant's Counsel.
 "`This correction of the record reflects the true facts of this case.
 "`DONE AND ORDERED on this the 16th day of January, 2004.'"
899 So.2d at 245-47 (footnote omitted). In Ex parte Chamblee, the Supreme Court issued writs of mandamus "declar[ing] the order of November 10, 2003, setting aside the judgments in favor of Chamblee and Jackson and entering a judgment as a matter of law in favor of Pinkerton, to be a nullity and therefore void" and directed the trial court to set aside both that order and its added docketing entries. 899 So.2d at 249.
On December 7, 2004, after the Supreme Court had issued its writs of mandamus, Pinkerton filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., for relief from the July 14, 2003, judgments. The two-page motion filed by Pinkerton averred not only that relief should be granted based upon "mistake, inadvertence, fraud, and/or excusable neglect," but also that the underlying judgments were void and that relief should be granted "due to other reasons"; however, the brief filed in support of the motion made clear that Pinkerton's motion was actually based upon subsection (1) of Rule 60(b), which permits relief based upon "mistake, inadvertence, surprise, or excusable neglect." Chamblee and Jackson filed a response in opposition to Pinkerton's motion, and the trial court held a hearing on the motion. The trial court denied Pinkerton's motion on January 4, 2005, asserting that that court lacked jurisdiction to consider the motion.
However, rather than appealing from the order denying that motion, Pinkerton filed on January 14, 2005, another Rule 60(b) motion seeking the same relief, this time citing subsection (6), a catchall provision that permits relief from a judgment for "any other reason justifying relief." Chamblee and Jackson again filed responses *Page 390 
in opposition. On February 9, 2005, the trial court denied Pinkerton's second motion as well, again concluding that it lacked jurisdiction to consider it. On March 18, 2005, within 42 days after the denial of its second Rule 60(b) motion but more than 42 days after the denial of its first Rule 60(b) motion, Pinkerton filed notices of appeal in both cases indicating that it sought review of the trial court's order of February 9, 2005. Those appeals were transferred to this court by the Supreme Court pursuant to § 12-2-7(6), Ala. Code 1975, and were consolidated.
Although this court initially granted a motion to dismiss filed by Chamblee and Jackson before submission of the case, we reinstated the consolidated appeals in response to Pinkerton's application for rehearing, an action that, in effect, amounted to a denial of the motion to dismiss. However, "denial of a motion to dismiss an appeal does not preclude reconsideration of the fundamental question of appellate jurisdiction after an appellate court has had an opportunity to review the record." Smith v.Smith, 919 So.2d 315, 316 n. 1 (Ala.Civ.App. 2005). Our review of the record leads us to agree with the contention made by Chamblee and Jackson that this court is indeed without appellate jurisdiction, necessitating that the consolidated appeals be dismissed.
The record reveals that Pinkerton's initial motion seeking relief from the judgments entered in the Chamblee and Jackson actions sought relief under subsection (1) of Rule 60(b). However, under Rule 60(b), Ala. R. Civ. P., a motion seeking relief under that subsection must be filed within four months after the entry of the judgment. When the Supreme Court, in Exparte Chamblee, ruled that the trial court's orders purporting to vacate its earlier judgments in the two actions were void, that court confirmed the validity of the trial court's underlying judgments. Pinkerton's first Rule 60(b) motion was filed more than four months after the entry of the judgments to which it was directed and was clearly untimely under the text of Rule 60(b) itself.
As we have said, however, Pinkerton has not challenged in these consolidated appeals the correctness of the trial court's rulings as to the first Rule 60(b) motion; rather, it challenges only the correctness of the ruling denying its second Rule 60(b) motion. Although Pinkerton's second motion was crafted so as to fall outside the four-month bar set forth in Rule 60(b) because it sought relief under the catchall provision in Rule 60(b), to which the four-month time limitation does not apply, the underlying substantive basis of the second motion is precisely the same: a contention that the trial court should grant relief because, Pinkerton says, the trial court had determined that Pinkerton's earlier Rule 50 postjudgment motion was "due to be granted."
Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith, 771 So.2d 1018 (Ala. 1998), "[a]fter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction toentertain a successive postjudgment motion to `reconsider' orotherwise review its order denying the Rule 60(b) motion."771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wadsworth v. Markel Ins. *Page 391 Co., 906 So.2d 179, 182 (Ala.Civ.App. 2005) ("Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b)."); but see McLendon v. Hepburn, 876 So.2d 479,483 (Ala.Civ.App. 2003) (second Rule 60(b) motion held procedurally proper because second motion requested relief based on an "entirely different ground" than first motion, raising an issue "that could not even have been raised" when original judgment was entered).
Because a trial court has no jurisdiction to entertain a successive Rule 60(b) motion based upon the same grounds as an earlier Rule 60(b) motion, an order granting or denying such a successive motion, such as the trial court's February 9, 2005, order, is a nullity and will not support an appeal. SeeWadsworth, 906 So.2d at 182 (dismissing an appeal from order denying second Rule 60(b) motion); cf. Ex parte Jordan,779 So.2d 183 (Ala. 2000) (issuing writ of mandamus to direct trial court to set aside order, entered without jurisdiction, that purported to grant a successive Rule 60(b) motion). There being no valid order that will support an appeal, we dismiss Pinkerton's appeal for lack of appellate jurisdiction. We note, however, that had we reached the merits of Pinkerton's appeal, we would have been constrained to affirm the judgment of the trial court on the authority of Transcall American, Inc. v.Comtel-Birmingham, Inc., 571 So.2d 1051, 1052 (Ala. 1990):
 "In the present case, Transcall had already presented the same issues to the trial court in a Rule 60(b) motion that had been denied. Transcall chose not to appeal from that ruling and, instead, filed another Rule 60(b) motion several months later. We will not allow a subsequent Rule 60(b) motion to substitute for an appeal; to do so would only prolong litigation."
APPEALS DISMISSED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.