THOMAS, Judge.
 

 In November 2008, Tiffany Williams filed a legal-services-liability action in which she alleged that Leotis Williams had negligently handled two legal matters entrusted to him by Tiffany. Leotis failed to answer or otherwise defend Tiffany’s com
 
 *333
 
 plaint, and she secured a default judgment against Leotis on February 5, 2009.
 
 [1]
 
 On March 20, 2009, Leotis filed what he styled as a “Motion to Vacate Judgment (Rule 59(e)[, Ala.R. Civ. P.])” (“the first post-judgment motion”), in which he argued that he had been incapable of defending himself at the “time of trial” because of incapacity, which, according to the affidavit appended to his motion, arose from an accident involving a table saw that resulted in the amputation of two fingers and injury to two other fingers on his right hand. The trial court denied the first post-judgment motion on April 17, 2009. Leotis did not file a timely appeal from the denial of the first postjudgment motion.
 

 On June 4, 2009, Leotis filed what he styled as a “Renewed Motion to Set Aside Default Judgment” (“the second post-judgment motion”), in which he specifically relied on Rule 60(b)(1), Ala. R. Civ. P. In the second postjudgment motion, Leotis again asserted that he had been mentally and physically incapable of answering or defending against Tiffany’s complaint as a result of the accident involving the table saw. In addition, Leotis mentioned in the second postjudgment motion and in the affidavit appended to that motion that he had been on several prescription medications that caused “memory loss and confusion” and that he had become depressed as a result of his accident. Leotis further alleged that he had a meritorious defense to Tiffany’s legal-services-liability action because Tiffany had not cooperated in the prosecution of her cases. Thus, Leotis argued in his second postjudgment motion, he was entitled to relief from the default judgment under Rule 60(b)(1).
 

 After a hearing, the trial court denied Leotis’s second postjudgment motion on June 30, 2009. Leotis filed a notice of appeal on July 31, 2009. We dismiss the appeal.
 

 Neither party has raised the issue of this court’s jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction
 
 ex mero motu. See Reeves v. State,
 
 882 So.2d 872, 874 (Ala.Civ.App.2003). Our review of the record has convinced us that Leotis’s appeal, which was filed after the entry of the trial court’s June 30, 2009, order denying the second postjudgment motion, is untimely.
 

 Leotis’s first postjudgment motion, which purported to be a Rule 59(e) motion, requested that the trial court set aside its February 5, 2009, default judgment; the proper vehicle for requesting a trial court to set aside a default judgment is a motion filed pursuant to Rule 55(c), Ala. R. Civ. App. Both a Rule 59(e) and a Rule 55(c) motion, however, must be filed within 30 days of the judgment being challenged.
 
 See
 
 Rule 59(b), Ala. R. Civ. P., and Rule 55(c). Leotis’s first postjudgment motion was filed more than 30 days after the entry of the default judgment. Thus, the first postjudgment motion was not a timely motion under either Rule 59(e) or Rule 55(c).
 

 However, Leotis’s first post-judgment motion can be properly construed as a Rule 60(b) motion for relief from the default judgment.
 
 Ex parte King,
 
 776 So.2d 31, 35 (Ala.2000). As noted above, the trial court denied the first postjudgment motion on April 17, 2009, and Leotis, on June 4, 2009, filed a second postjudgment motion, again pursuant to
 
 *334
 
 Rule 60(b), “renewing” his request that the default judgment be set aside. It is the effect, or lack thereof, of that motion, that requires us to dismiss Leotis’s appeal.
 

 “Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in
 
 Ex parte Keith,
 
 771 So.2d 1018 (Ala.1998), ‘[ajfter a trial court has denied a postjudgment motion pursuant to Rule 60(b),
 
 that court does not have jurisdiction to entertain a successive postjudgment motion
 
 to “reconsider”
 
 or otherwise review
 
 its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added). In other words,
 
 a paHy who has previously jiled an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wadsworth v. Market Ins. Co.,
 
 906 So.2d 179, 182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’).”
 

 Pinkerton Sec. & Investigations Sens., Inc. v. Chamblee,
 
 934 So.2d 386, 390-91 (Ala.Civ.App.2005) (second emphasis added).
 

 Although Leotis further explained the basis for his incapacity in his second post-judgment motion, which was based on Rule 60(b)(1) and (6), in that motion Leotis sought relief from the February 5, 2009, default judgment for the same reason he had advanced in his first postjudgment motion. Leotis’s second postjudgment motion, which renewed his request to have the trial court set aside the default judgment, was nothing more than a request that the trial court reconsider its ruling on his first postjudgment motion.
 
 See Wadsworth v. Markel Ins. Co.,
 
 906 So.2d 179 (Ala.Civ.App.2005) (stating that successive Rule 60(b) motions asserting the same grounds as those asserted in a prior Rule 60(b) motion are generally considered to be motions to reconsider the trial court’s ruling on the original Rule 60(b) motion and are not authorized by Rule 60(b));
 
 Roark v. Bell,
 
 716 So.2d 1245, 1247 (Ala.Civ.App.1998) (same). The trial court was without jurisdiction to do so.
 
 Ex parte Jordan,
 
 779 So.2d 183, 184 (Ala.2000) (quoting
 
 Ex parte Vaughan,
 
 539 So.2d 1060, 1061 (Ala.1989)) (“This Court has held that ‘[a] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), [Ala. R. Civ. P.j, motion.’ ”).
 

 Leotis’s second postjudgment motion did not toll the time for him to take an appeal from the denial of his first postjudgment motion.
 
 Ex parte Keith,
 
 771 So.2d 1018, 1022 (Ala.1998) (noting that “a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal”). Leotis’s failure to timely appeal from the denial of his first postjudgment motion proves fatal to this appeal. The July 31, 2009, notice of appeal, which was filed more than 42 days after the April 17, 2009, denial of his first postjudgment motion, was untimely, and, therefore, we must dismiss this appeal.
 
 See Wadsworth,
 
 906 So.2d at 182 (dismissing an appeal as untimely because of the appellant’s failure to timely appeal from the denial of his first postjudgment motion);
 
 Reeves,
 
 882 So.2d at 874 (same); and
 
 Moser v. Moser,
 
 839 So.2d 664, 665 (Ala.Civ.App.2002) (same).
 

 We note that, for the first time in his reply brief, Leotis advances the argument that the default judgment was void for lack of proper service; we cannot con
 
 *335
 
 sider that argument.
 
 See Lloyd Noland Hosp. v. Durham,
 
 906 So.2d 157, 173 (Ala.2005) (“It is a well-established principle of appellate review that we will not consider an issue not raised in an appellant’s initial brief, but raised only in the reply brief.”). Leotis also never asserted this ground as a basis for relief in the trial court. His failure to do so further precludes our consideration of it on appeal.
 
 See Ex parte Farley,
 
 981 So.2d 392, 397 (Ala.2007) (restating the well-settled principle that an appellate court may not consider an argument raised for the first time on appeal).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The trial court entered two default judgments on that date. The first judgment awarded Tiffany $16,911, plus court costs and attorney fees. The amended default judgment awarded Tiffany $29,446, plus court costs.