THOMAS, Judge.
In 2008, Charles Young, Jr., sued Southeast Alabama Medical Center (“SAMC”), alleging that it had negligently maintained its premises, resulting in injury to Young when he slipped and fell on the premises. In April 2007, the trial court denied SAMC’s motion for a summary judgment. On January 19, 2011, the trial court entered an order stating its intent to dismiss the case pursuant to Rule 41(b), Ala. R. Civ. P., in 30 days “unless significant action filed.”[1] No filings appear on the State Judicial Information System case-action summary between January 19 and February 24, 2011, when the trial court entered an order dismissing Young’s action.
On February 24, 2011, the same day the trial court dismissed the action, Young filed a postjudgment motion requesting that the trial court vacate its dismissal order. In that motion, Young asserted that he had filed a bankruptcy petition in October 2006. He alleged that, because of the pendency of the bankruptcy proceeding, he had not been permitted to pursue the action against SAMC until the bank *431 ruptcy court approved his doing so, which the bankruptcy court had not done. The trial court set the postjudgment motion for a hearing, after which the trial court denied the motion.[2] No appeal was taken from the February 2011 dismissal order.
On May 10, 2011, Young filed, through new counsel, a Rule 60(b), Ala. R. Civ. P., motion, seeking to have the trial court set aside the February 2011 dismissal order. Although that motion did not rely on any specific subpart of Rule 60(b), the motion mentioned that Young’s former attorney had “committed malfeasance” in his handling of Young’s action, thus indicating that Young might be proceeding under either Rule 60(b)(1), which provides a basis for relief from a judgment on the grounds of “mistake, inadvertence, surprise, or excusable neglect,” or Rule 60(b)(6), which permits a trial court to set aside a judgment for “any other reason justifying relief.” [3] SAMC filed a response to Young’s motion; Young filed a reply, and SAMC filed a supplemental response. After a hearing, the trial court denied the Rule 60(b) motion on July 29, 2011. Young did not appeal from the July 2011 order denying his Rule 60(b) motion.
Nearly a year later, on June 20, 2012, Young, through his third attorney, filed what he entitled “Motion to Reinstate and to Set for Trial.” The motion made no reference to Rule 60(b) or any other rule; however, because we construe a motion by its “essence” and not by its nomenclature, see Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649, 650 (Ala.1998) (stating that an appellate court “looks to the essence of a motion, not just to its title, to determine how the motion should be treated under our Rules of Civil Procedure”), we construe Young’s motion to be a Rule 60(b)(6) motion seeking to have the February 2011 dismissal order set aside because of his original attorney’s alleged neglect of the action. SAMC responded to Young’s motion, noting that the dismissal order had been entered in February 2011, that the postjudgment motion directed to the dismissal order had been denied, that a Rule 60(b) motion directed to the dismissal order had also been denied, and that no appeal had been taken from any of the trial court’s orders in the case. Young filed a reply to SAMC’s response, and the trial court set a hearing on Young’s motion. After the hearing, the trial court denied Young’s motion on August 14, 2012.
*432 Young timely appealed to this court; however, because this court lacked appellate jurisdiction, see Ala.Code 1975, 12-3-10, we transferred the appeal to the Alabama Supreme Court, which, in turn, transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal, Young argues that the February 2011 dismissal order was improperly entered because delay in prosecution alone is insufficient to warrant the severe sanction of dismissal. See, e.g., Gill v. Cobern, 36 So.3d 31, 33 (Ala.2009) (reversing the dismissal of an action because the record reflected that the plaintiffs attorney had inadvertently failed to appear at a pretrial conference and contained no evidence of contumacious conduct or willful default); Blake v. Stinson, 5 So.3d 615, 618-19 (Ala.Civ.App.2008) (determining that a three-year period of inactivity, without evidence of contumacious conduct or willful default, was insufficient basis for dismissal under Rule 41(b)); and Stephenson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 940 So.2d 307, 308 (Ala.Civ.App.2006) (reversing the dismissal of an action when the record did not reflect contumacious conduct or other extreme circumstances warranting dismissal); but see Mangiafico v. Street, 767 So.2d 1103 (Ala.2000) (plurality opinion) (affirming the dismissal of an action based on the failure of the plaintiff to initiate arbitration proceedings within the deadline imposed by the trial court’s order); and Henderson v. G & G Corp., 582 So.2d 529, 531 (Ala.1991) (affirming the dismissal of an action based on the plaintiffs failure to appear at a summary-judgment hearing because the record indicated that the action had been pending nearly 6 years, the record indicated that there had been several 6-month periods of inactivity, and the trial court had warned the parties 4 separate times by order that the case would be dismissed if no activity occurred within 30 days). Young is correct that, under Alabama law, mere inactivity, even for a lengthy period, is not sufficient basis upon which to base a Rule 41(b), Ala. R. Civ. P., dismissal. See Smith v. Wilcox Cnty. Bd. of Educ., 365 So.2d 659, 662 (Ala.1978) (stating that “the rule is that a lengthy period of inactivity may justify dismissal in the circumstances of a particular case ” and that, generally, inactivity must be coupled with “some other act to warrant the severe penalty of dismissal”); Blake, 5 So.3d at 618-19. However, Young’s argument is to no avail, because we are not reviewing the February 2011 dismissal order.
Young never appealed the February 2011' order dismissing his action. Instead, he chose to seek relief under Rule 60(b) not once, but twice, before seeking review in an appellate court. Because Young failed to appeal either the February 2011 dismissal order or the July 2011 denial of his first Rule 60(b) motion and has appealed only the denial of his second Rule 60(b) motion, this court may consider only the propriety of the trial court’s order denying his second Rule 60(b) motion. Metropolitan Life Ins. Co. v. Akins, 388 So.2d 999, 1000 (Ala.Civ.App.1980). However, as we will explain below, we lack jurisdiction over Young’s appeal.[4]
“‘Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a mov-ant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith, 771 *433 So.2d 1018 (Ala.1998), “[a]fter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion.” 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wadsworth v. Markel Ins. Co., 906 So.2d 179, 182 (AIa.Civ.App.2005) (“Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).”).’ ”
Williams v. Williams, 70 So.3d 332, 334 (Ala.Civ.App.2009) (quoting Pinkerton Sec. & Investigations Seros., Inc. v. Chamblee, 934 So.2d 386, 390-91 (Ala.Civ.App.2005)) (second emphasis added in Williams).
The trial court lacked jurisdiction to entertain Young’s second Rule 60(b) motion, which merely requested that the trial court reinstate Young’s action on the same ground asserted in the May 2011 Rule 60(b) motion — namely, the malfeasance of Young’s former attorney. See Wadsworth v. Markel Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (“Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).”); see also Williams, 70 So.3d at 334. We have held that “[bjecause a trial court has no jurisdiction to entertain a successive Rule 60(b) motion based upon the same grounds as an earlier Rule 60(b) motion, an order granting or denying such a successive motion ... is a nullity and will not support an appeal.” Chamblee, 934 So.2d at 391. Thus, because the trial court lacked jurisdiction over Young’s second Rule 60(b) motion, we lack jurisdiction over Young’s appeal of the trial court’s order denying that motion, and, accordingly, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Rule 41(b) reads:
"For failure of the plaintiff to prosecute or to comply with these rales or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rale, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under [Ala. R. Civ. P.,] Rule 19, operates as an adjudication upon the merits.”
Although the text of Rule 41(b) indicates that a dismissal under the rale should be instigated by a defendant’s motion, the rale has been construed to permit a trial court to dismiss an action sua sponte for lack of prosecution or for failure to comply with court rales or orders based on the trial court’s inherent power to control its own docket. Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987).

. We note that, after his first postjudgment motion was denied, Young filed a "motion to reconsider” the ruling on his postjudgment motion, which the trial court also "denied.” Our supreme court has explained "that if a party has his own post-judgment motion denied, the review of that denial is by appeal. The rules do not provide for a ‘motion to reconsider' the denial of one’s own post-judgment motion.” Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649, 651 (Ala.1998).

. Rule 60(b) reads, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Ala. R. Civ. P.,] Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”

. Neither party has raised the issue of this court’s jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction ex mero motu. See Williams v. Williams, 70 So.3d 332, 333 (Ala.Civ.App.2009).