THOMAS, Judge.
On November 21, 2012, Harold W. Barksdale (“the father”) filed a petition in the St. Clair Circuit Court (“the trial court”) seeking to modify the visitation and child-support provisions of the judgment divorcing him and Mary Sue Clanton (“the mother”). When the mother did not respond to the father’s petition, the father sought and received an entry of default and an interlocutory default judgment modifying the mother’s visitation on January 16, 2013; the child-support issue, however, was set for a hearing ón May 21, 2013. The mother failed to appear at the hearing on the child-support issue, and the trial court entered a default judgment on May 28, 2013, setting a new child-support obligation for the mother based on the testimony and the evidence that it had received at the May 21, 2013, hearing.
On May 31, 2013, the mother filed what she labeled a “Limited Appearance to Challenge Service of Process” (“the first postjudgment motion”). In the 'first post-judgment motion, the mother averred that the default judgment was void because she had not been properly served under Rule 4(i)(l)(B), Ala. R. Civ. P., because her 15-year-old son had handed the modification petition to her. After a hearing on the issue whether service of process had been properly performed, the trial court entered an order on July 11, 2013, denying the mother’s “challenge to service.”
On August 2, 2013, the mother filed a motion purporting to be a Rule 59(e), Ala. R. Civ. P., motion (“the second post-judgment motion”). In the second post-judgment motion, the mother asserted that the testimony at the May 21, 2013, hearing regarding her income and hours of employment was incorrect, that the father had failed to produce evidence of income he earned from rental properties, and that the mother had never received copies of the medical bills that she had been ordered to pay in the May 28, 2013, judgment. The mother supported the second post-judgment motion with an affidavit stating that she earns $12 per hour and that she works 25 hours per week. The trial court entered an order on August 19, 2013, denying the second postjudgment motion on the basis that' it had been untimely filed.
On August 20, 2013, the mother filed a motion identical to the second post-judgment motion in all respects save one (“the third postjudgment motion”). In the third postjudgment motion, the mother relied on Rule 60(b), Ala. R. Civ. P. She did not, however, specify the Rule 60(b) ground upon which she based her request for relief from the May 28, 2013, judgment. After a hearing at which it heard arguments of counsel, the trial court denied the third postjudgment motion on September 10, 2013, and the mother filed a notice of appeal on October 4, 2013.
Neither party has raised the issue of this court’s jurisdiction over this appeal. However, because jurisdictional matters are of such magnitude, this court is permitted to notice a lack of jurisdiction ex mero motu. See Reeves v. State, 882 So.2d 872, 874 (Ala.Civ.App.2003). The mother’s filing three separate postjudgment motions delayed her filing an appeal. Because the second postjudgment motion and the third postjudgment motion sought relief on identical grounds, her failure to appeal the denial of the second postjudgment motion requires that we dismiss her appeal.
The first postjudgment motion, despite its denomination as a “special appearance,” was, in fact, a Rule 55(c), Ala. R. Civ. P., motion seeking to have the default judgment set • aside. See Austin v. Austin, *199 [Ms. 2120102, July 19, 2013] — So.Bd —, — n. 2 (Ala.Civ.App.2013) (construing a motion labeled as a Rule 59 motion as a Rule 55(c) motion because it was directed toward a default judgment). When the mother’s .“special appearance” was denied, instead of filing an appeal the mother attempted to seek the trial court’s reconsideration of the default judgment by filing the second postjudgment motion, which she styled as a Rule 59 motion. However, the second postjudgment motion was filed more than 30 days after the entry of the May 28, 2013, default judgment, and it was therefore precluded from being construed as a Rule 59 motion. Williams v. Williams, 70 So.3d 332, 333 (Ala.Civ.App.2009).
Instead, the second postjudgment motion could be construed only as a Rule 60(b) motion. Ex parte King, 776 So.2d 31, 35 (Ala.2000). The trial court denied the second postjudgment motion on August 19, 2013. Again, the mother failed to appeal. She filed the third postjudgment motion, seeking the same relief, on the same grounds, as she had sought in the second postjudgment motion, but she properly labeled the third postjudgment motion as a Rule 60(b) motion. “It is the effect, or lack thereof, of that motion[] that requires us to dismiss [the mother’s] appeal.” Williams, 70 So.3d at 334.
As we explained in Williams, our supreme court has limited the availability of successive requests for relief under Rule 60(b):
“ ‘Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a mov-ant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith, 771 So.2d 1018 (Ala.1998), “[a]fter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion.” 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in ejfect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wads-worth v. Markel Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (“Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).”).’ ”
Williams, 70 So.3d at 334 (quoting Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 390-91 (Ala.Civ.App.2005)).
The third postjudgment motion, which reiterated the same grounds that were asserted in the second postjudgment motion, “was nothing more than a request that the trial court reconsider its ruling on [the second] postjudgment motion.” Williams, 70 So.3d at 334. It did not toll the time for the mother to file an appeal from the denial of the second postjudgment motion. Id. (citing and quoting Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998) (noting that “a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal”)). The mother’s October 4, 2013, notice of appeal was filed more than 42 days after the denial of the second postjudgment motion on August 19, 2013, and is, thus, untimely. The timely filing of a notice of appeal is a jurisdictional act; *200 therefore, we must dismiss the mother’s appeal. Williams, 70 So.3d at 334.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.