DONALDSON, Judge.
Although there is no time limitation to file a motion under Rule 60(b)(4), Ala. R. Civ. P., seeking relief from a purportedly void judgment, a party who does not *726 appeal from the denial of the motion cannot file a successive Rule 60(b)(4) motion seeking the same relief.
Rickey Lynn Cloud (“the husband”) appeals from the order of the. Cullman Circuit Court (“the trial court”) denying his Rule 60(b)(4)- motion to set aside a protection-from-abuse order entered against him in 1996 in favor of Glenda Sue Cloud (“the wife”).[1] We dismiss the appeal.
The wife filed a complaint for a divorce in the trial court on November 16, 1996. The divorce was assigned case no. DR-96-' 667. Contemporaneous with the filing of the complaint, the wife filed a request for injunctive relief to restrain the husband from physically abusing the wife and a petition for relief pursuant to the Protection from Abuse Act (“the PFAA”), § 30-6-1 et seq., Ala.Code 1976, as that act existed in 1996.[2] Both the request for injunctive relief and the petition for protection from abuse alleged that the husband had harassed and physically abused the wife in the presence of the parties’ three minor children. On November 19, 1996, the trial court granted the wife’s request for protection from abuse, stating in its order that the husband was:
“1. Enjoined from threatening to commit or committing acts of abuse, as defined in the [PFAA] against the [wife] or the minor children, and any ‘designated family or household member.
“2. Prohibited from harassing, annoying, telephoning, contacting, or otherwise communicating, directly or indirectly, with the [wife] or minor children.
“3. Ordered to- stay' away from the [wife’s] residence; the school or place of employment of the [wife] or the minor children, or any specified place frequented by the [wife], the minor children, and any designated family or household member, which the [husband] has no legitimate reason to frequent.
“4. Enjoined from interfering with the [wife’s] efforts to remove [wife’s] children and the appropriate law enforcement officer is directed to accompany the [wife] during the effort to remove [wife’s] children as necessary to protect the [wife] or children from abuse.
“6. Enjoined from removing minor children from the individual having legal custody of the minor children, except as otherwise authorized by order issued by a court of competent jurisdiction.”
The trial court further stated that the protection-from-abuse order “shall be effective for a period of one year except as provided herein.... ”
On December 11, 1996, the trial court entered a final judgment , of divorce incorporating a settlement agreement entered between the parties. • Neither the divorce judgment nor the parties’ agreement incorporated or otherwise altered the terms of the November 19,1996, protection-from-abuse order. ' The parties agreed that the wife would have physical custody of the children and that the husband would have standard visitation.
On February 19, 1997, the husband, through counsel, filed a motion in case no. DR-96-667 pursuant to Rulé 60(b)(4) for relief from the November 19,1996, protec *727 tion-from-abuse order , on the ground that the judgment was void. The husband argued that the trial court had entered that order in a manner inconsistent with his due-process rights because the trial court had failed to hold a hearing on the wife’s petition. He contended that the version of § 30-5-6(a), Ala.Code 1975, in effect at the time of the entry of the order required the trial court to hold a hearing within 14 days of the filing of the wife’s petition.[3] On April 21, 1997, the trial court entered an order on the case-action summary stating that, “[o]n motion of the [husband], the Motion to Set Aside Protection from Abuse Order is withdrawn, said Protection from Abuse Order remains in effect until further order.”
. On-March 21, 1997, the husband filed a petition .seeking to hold the wife in contempt and seeking a modification of the divorce judgment. That case was docketed in the trial court as case no..DR-96-667.01 (“the .01 case”). On September 19, 1997, the trial court entered an order in the .01 case stating that, among other things, “[t]he Protection from Abuse Order which was previously entered by this Court is hereby amended and modified so to allow [the husband] to enjoy the visitation privileges awarded to him in the Divorce Judgment entered in this cause.” The trial court did not address the one-year-duration portion of the protection-from-abuse order. There is no indication in the record that the husband appealed from the September 19,1997,' order.
On January 13, 1998, the husband, through counsel, filed a second Rule 60(b)(4) motion in case no.. DR-96-667 seeking to set aside the November 19, 1996, protection-from-abuse order. In that motion, the husband set forth the identical ground for relief that he had asserted in the Rule 60(b) motion that he had filed on February 19, 1997. On January 15, 1998, the trial court entered an order stating that “[the husband’s] Motion to Set Aside Protection From Abuse Order is denied, same being moot.” Also, a note presumably handwritten by the trial-court judge on the -top corner of the- husband’s January 13, 1998, motion, stated that the protection-from-abuse order “went out of effect” on November 19, 1997.. The husband did not appeal from.the January 15, 1998, order.
On September 30, 2014, the husband, without counsel, filed a third motion pursuant to Rule 60(b)(4) in case no. DR-96-667 seeking- to set aside the protection-from-abuse order. In that motion, the husband again contended that the trial court had entered the November 19, 1996, proteetion-from-abuse order in a manner that was inconsistent with due process because, he alleged, he was denied an opportunity to be heard before the order was entered. In the 2014 motion, however, he added a claim that the order was “used in charging [him] twice with aggravated stalking,” for which he had been convicted and was serving a 20-year prison sentence.
*728 On January 20, 2015, the trial court entered an order denying the husband’s September 30, 2014, Rule 60(b)(4) motion without explanation and without a hearing. On February 18, 2015, the husband, without counsel, filed a timely notice of appeal of the January 20, 2015, order to this court.[4]
On appeal, the husband contends that the November 19, 1996, protection-from-abuse order is void because it was entered in a manner inconsistent with due process. He argues that the trial court improperly entered that order without providing him with a hearing that, he contends, was required to be held under § 30-6-5(a) as it existed at the time of the entry of the order. Accordingly, he argues, the trial court erred in denying his September 30, 2014, motion for relief pursuant to Rule 60(b)(4).
Rule 60(b) provides, in pertinent part: “On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken _This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.”
Although the husband’s September 30, 2014, Rule 60(b)(4) motion was filed nearly 18 years after the trial court had granted the wife’s petition for protection from abuse, our supreme court has held that “a motion for relief from a void judgment is not governed by the reasonable-time requirement of Rule 60(b).” Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (Ala.2003).
Our supreme court, however, has placed limitations on successive requests for relief from a judgment pursuant to Rule 60(b). As we noted in Clanton v. Barksdale, 150 So.3d 197 (Ala.Civ.App.2014):
.“[0]ur supreme court has limited the availability of successive requests for relief under Rule 60(b):
“ ‘ “Alabama caselaw has placed a significant limitation upon the availability of relief under Rule 60(b) where a movant has previously sought relief under that rule. As stated by the Alabama Supreme Court in Ex parte Keith, 771 So.2d 1018 (Ala.1998), ‘[ajfter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive post-judgment motion to “reconsider” or *729 othenvise review its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’).” ’
“Williams [v. Williams ], 70 So.3d [332,] 334 [ (Ala.Civ.App.2009.) ] (quoting Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 390-91 (Ala.Civ.App.2005)).”
150 So.3d at 199.
The husband’s September 30, 2014, motion seeking relief pursuant to Rule 60(b)(4) was his third attempt to seek relief from the November 19,1996, protection-from-abuse order on the basis that the trial court had failed to conduct a hearing on the wife’s protection-from-abuse petition. The husband did not seek appellate review of the previous orders denying his requests for Rule 60(b)(4) relief. Thus, the trial court lacked jurisdiction to address the husband’s September 30, 2014, Rule 60(b)(4) motion. Because that motion raised the same ground for relief as his previous Rule 60(b)(4) motions, we conclude that it is a successive motion seeking the trial court’s reconsideration his previous Rule 60(b)(4) motions. See Wadsworth v. Market Ins. Co., 906 So.2d 179, 182 (Ala.Civ.App.2005)(“Suceessive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).”). Such a procedure is not authorized by Rule 60(b). “Because a trial court has no jurisdiction to entertain a successive Rule 60(b) motion based upon the same grounds as an earlier Rule 60(b) motion, an order granting or denying such a successive motion ... is a nullity and will not support an appeal.” Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 391 (Ala.Civ.App.2005). Accordingly, we are compelled to dismiss the husband’s appeal of the trial court’s order denying his September 30, 2014, Rule 60(b)(4) motion.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., recuses herself.

. The parties have previously been before this court on other matters. See Cloud v. Cloud, 833 So.2d 649 (Ala.Civ.App.2002). See also Ex parte Cloud (No. 2000504, June 26, 2001), 837 So.2d 336 (Ala.Civ.App.2001) (table); Cloud v. Cloud (No. 2000770, June 26, 2001), 837 So.2d 340 (Ala.Civ.App.2001) (table); and Ex parte Cloud (No. 2991202, September 12, 2000), 816 So.2d 123 (Ala.Civ.App.2000) (table).- '

. The PFAA has subsequently been amended by Act No. 2003-305, Ala. Acts, 2003 p. 1080, § 2, and by Act No. 2010-538, Ala. Acts 2010, p. 919, § 1.

. Former § 30-5-6, Ala.Code 1975, which was in effect at the time the November 19, 1996, order was entered, provided as follows:
"(a) Within 14 days of the filing of a petition under this chapter a hearing shall be held at which the plaintiff shall prove the allegation of abuse by a preponderance of the evidence. The court shall advise the defendant that he or she may be represented by counsel.
"(b) The court may enter such temporary orders as it deems .necessary to protect the plaintiff or minor children from abuse, or the immediate and present danger of abuse to the plaintiff or - minor children, upon good cause shown in an ex parte proceeding. .
"(c) If a hearing under subsection (a) is continued, the court may make or extend temporary orders under subsection (b) as it deems reasonably necessary.”

. The wife has not filed an appellee’s brief.