**Truman PUCKETT**

v.

**James DUNKLE and Ara Dunkle.**

**2140880.**

Court of Civil Appeals of Alabama.

March 18, 2016.

Nathaniel D. Owens, Anniston, for appellant.

Submitted on appellant's brief only.

PITTMAN, Judge.

Truman Puckett appeals from a judgment of the Calhoun Circuit Court dismissing his action against James Dunkle and Ara Dunkle on the ground of want of prosecution. We reverse and remand.

The record reveals that Puckett commenced his action in the trial court in May 2014, asserting that the Dunkles had breached a lease-purchase agreement concerning a parcel of real property located in Weaver; he sought $50,000 in unpaid rent, late charges, and attorney fees, as well as rent and other expenses accruing during the pendency of the action. The Dunkles each filed an answer denying that Puckett was entitled to relief. In September 2014, Puckett filed a motion to set the case for trial; the trial court did not immediately act on that motion, but ultimately in January 2015 it ordered that a trial would take place on March 23, 2015.

On March 23, 2015, the scheduled trial date, the Dunkles and Ara Dunkle's attorney appeared for trial, but neither Puckett nor his attorney were in attendance. The Dunkles then moved for dismissal of the action for want of prosecution. The trial court, in response to the motion, directed counsel for Ara Dunkle to prepare a judgment of dismissal with prejudice, but the court stated that, if counsel for Puckett were to aver that the reason for his absence was because "his child was in a horrible car crash or something," the judgment might be vacated. The trial court rendered and entered a judgment of dismissal for want of prosecution, with prejudice, later that day.

On April 22, 2015, within 30 days after the judgment of dismissal was entered, Puckett filed a motion requesting that the trial court vacate its judgment and reinstate the action. As grounds, counsel for

Puckett detailed a series of health problems that he had experienced, most notably including an eye surgery in December 2014 that, he said, had prevented him from learning of the March 23, 2015, trial setting. The trial court did not rule on that motion within 90 days of its filing, and Puckett thereafter petitioned this court for a writ of mandamus seeking to direct the trial court to grant that motion. Because Puckett had timely sought relief in his April 22, 2015, motion that would have been available under Rule 59(e), Ala. R. Civ. P., Puckett's petition was treated as an appeal from the denial by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., of his postjudgment motion. The appeal was transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975, and has been submitted on Puckett's brief alone, neither of the Dunkles having favored this court with a brief.

> " 'Rule 41(b), Ala. R. Civ. P., provides, in pertinent part: "For failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court, a defendant may move for dismissal of an action or of any claim against the defendant." It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record.'
>
> "*Blake v. Stinson*, 5 So.3d 615, 617–18 (Ala.Civ.App.2008) (citations omitted).

> Further, under Alabama precedents, the public interest in disposing of litigation on the merits is said to be overcome, and 'the drastic sanction' of a dismissal is deemed warranted, when a clear record of delay, willful default, or contumacious conduct by the plaintiff exists. *See Gill v. Cobern*, 36 So.3d 31, 33 (Ala. 2009)."

*Musick v. Davis*, 80 So.3d 946, 948 (Ala. Civ.App.2011).

In this case, the trial court dismissed with prejudice Puckett's action against the Dunkles some 10 months after it was commenced based solely upon the failure of Puckett and his counsel to appear at trial; although that court acknowledged that such a sanction would be inappropriate in the event that a significant adverse event had happened to a member of counsel's family, the trial court declined to vacate its judgment upon Puckett's motion indicating that the absence of Puckett and his attorney was both inadvertent and attributable to counsel's medical issues. Just as we did in *Musick*, we conclude that there is no demonstrated record of willful delay or contumacious conduct in this case.

Based upon the foregoing facts and authorities, the trial court's judgment dismissing Puckett's action for want of prosecution is reversed, and the cause is remanded for further proceedings. Our reversal should in no way be viewed as an expression of opinion regarding the merits of the claims Puckett has asserted, which will be for the trial court to assess on remand.

REVERSED AND REMANDED.

THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.